UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **5:26-cv-03997-MCS-DSR** | Date | August 17, 2026 |
| Title | ***Flaum v. Gen. Motors LLC*** | | |

Present: The Honorable Mark C. Scarsi, United States District Judge

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER RE: MOTION TO REMAND (ECF NO. 11)**

Plaintiff Jeffrey Scott Flaum initiated this action against Defendant General Motors LLC in the Riverside County Superior Court, asserting claims for violations of the Song-Beverly Consumer Warranty Act and the Magnuson-Moss Warranty Act ("MMWA"). (Compl., ECF No. 1-2.) Defendant removed the case to this Court, invoking diversity jurisdiction. (Notice of Removal, ECF No. 1.) Plaintiff moves to remand the case, arguing that the complaint does not place over $75,000 in controversy, so the Court lacks diversity jurisdiction. (Mot., ECF No. 11.) The Court deems the motion appropriate for decision without oral argument and vacates the hearing set for November 9, 2026. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000. *Id.* § 1332(a). They also "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. There is a "strong presumption" against removal jurisdiction, and the

removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

"Once a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006). Even if the Court were to credit Plaintiff's arguments and find diversity jurisdiction lacking, it would have a "virtually unflagging obligation" to retain the case given that the complaint presents a federal question over which the Court has original jurisdiction. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *see* 28 U.S.C. § 1331. Here, Plaintiff pleads a claim under the MMWA, a federal law. (Compl. ¶¶ 64–74.) This Court maintains that "a pleading containing an MMWA claim sets forth a federal claim removable under §§ 1331 and 1441(a)." *Lopez de Anda v. Gen. Motors LLC*, No. 2:25-cv-07354-MCS-SSC, 2025 U.S. Dist. LEXIS 204419, at *3 (C.D. Cal. Oct. 15, 2025) (Scarsi, J.) (cleaned up). Although reasonable minds disagree on this proposition, *see id.* at *5–6 (reviewing conflicting circuit court decisions), sound jurisprudence requires the Court to adhere to it.

The Court has federal-question jurisdiction over the complaint, so the motion to remand is denied.

**IT IS SO ORDERED.**